UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CLASS ACT RESTAURANT GROUP,
LLC,

        Plaintiff,

vs.

CITY OF DEERFIELD BEACH, a
Florida municipal corporation,

        Defendant.
_____/

**COMPLAINT FOR DEPRIVATION OF A PROPERTY
INTEREST WITHOUT DUE PROCESS OF LAW
INJUCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

Plaintiff, CLASS ACT RESTAURANT GROUP, LLC ("Plaintiff" and/or "Class Act") by and through undersigned counsel, sues the Defendant, CITY OF DEERFIELD BEACH ("Defendant" and/or the "City") and states:

**JURISDICTION, PARTIES AND VENUE**

1. This is an action for deprivation of a property interest without due process of law arising under the Fourteenth Amendment to the United States Constitution through 42 U.S.C.A. §1983 and 28 U.S.C.A. §1331.

2. Jurisdiction lies in this Court as the cause of action arises out of the United States Constitution through 42 U.S.C.A.§1983 and 28 U.S.C.A. §1331.

3. Venue is proper in the Southern District of Florida.

4. Plaintiff is a limited liability company authorized to do business in Broward County, Florida.

5.  Defendant is a Florida municipal corporation authorized to do business within Broward County, Florida.

6.  All conditions precedent to the filing of this action have been satisfied, excused or waived.

7.  Plaintiff has retained the undersigned attorneys and has agreed to pay all reasonable fees and expenses incurred in bringing this action against the Defendant.

## FACTS

8.  On March 6, 2013, Plaintiff and Defendant entered into a Lease Agreement (the "Lease") for the property located at 202 N. E. 21 Avenue, Deerfield Beach, Florida (the "Pier Restaurant Property").

9.  The initial term of the Lease was April 6, 2013 to April 30, 2023. The Lease allowed an additional (5) year extension.

10. On or about June 2022, the City offered to renew the Lease for a period of additional (5) years via publicizing it on the procurement page of the purchasing Department of approved contracts. On October 24, 2022, Class Act accepted the Lease renewal. Accordingly, by agreement of the parties, the Lease was extended from May 1, 2023 to April 30, 2028. Subsequently, a representative of the Defendant, CRA Director Kris Mory, via a telephone call in December advised the Plaintiff that the Lease renewal was invalid because the Mayor had not signed it and that the City wanted to put the restaurant new lease in an open bid via an RFP process (request for proposals). Through the next two months, Plaintiff was asked repeatedly to sign only a six month extension of the Lease. Finally the City Manager, David Santucci, and City Attorney, Anthony Soroka, asked the Plaintiff to meet them in the City Hall Conference Room and told her if the Plaintiff did not sign a 6-month Lease extension, the Plaintiff would be forced to vacate by April 30, 2023, and would not be looked upon favorably for subsequent RFPs, since the Plaintiff would have refused the only offer made.

11. Class Act relied on the agreement to renew the Lease through April 30, 2028 and justifiably changed its position based on this agreement until the City unilaterally withdrew its agreement and purported to require the Lease be renewed by a competitive bidding process via a RFP and required Class

Act to sign a (6) month extension of the Lease through October 27, 2023 rather than being forced to vacate the premises within 45 days.

12. Rather than the usual RFP that City represented it would issue, the City issued an Invitation to Negotiate ITN #23-02-PC ("ITN") on March 21, 2023 to solicit proposals from restaurant operators. The City sought proposals from restaurateurs stating their vision for the highest and best use of the Pier Restaurant Property to be operated by the restaurateur pursuant to a lease agreement with the City. On May 22, 2023, Class Act responded to the ITN.

13. On May 26, 2023, Class Act received a letter from the City regarding the ITN and advised Class Act to provide an oral presentation of its bid on June 5, 2023. The letter specifically advised that no competitor could attend the presentation of the other bidders, as follows:

> <u>"This presentation is exempt from public meeting requirements. Therefore, your firm is not allowed to attend the presentation of your competitors, nor are they allowed to attend your presentation."</u>

At the time Class Act received the letter, a representative of the Defendant, also called Plaintiff's principal's cellphone in order to clarify the Cone of Silence procedures and advised the Plaintiff that all bidders must not be present at all inside the building during the other bidders' presentations and to make sure that it was understood the parties had to enter the building only a few minutes before their presentation time and had to vacate the building immediately after the presentation.

14. On June 5, 2023, the top three ranked firms were to make oral presentations to the City: LMCOVE, LLC, Deerfield Beach Café LLC, and Class Act.

15. Class Act was the first firm to make an oral presentation on June 5 at 1:00 p.m. Deerfield Beach Café LLC's proposal was scheduled for 1:45 p.m., and LMCOVE, LLC's presentation was scheduled for 2:30 pm.

16. In accordance with Section 38-27 of the City Code of Ordinances, during the course of a competitive solicitation, a "Cone of Silence" shall apply. Any action in violation of this section shall be cause for disqualification of the bid or the proposal. Class Act was advised to immediately vacate the premises after its presentation so it would not break the Cone of Silence.

17. During Class Act's oral presentation, a representative of Deerfield Beach Cafe LLC violated the "Cone of Silence" by viewing Class Act's presentation on video via Zoom with the City's purchasing manager, Bogdan Avasiloe, in his office which was across the hallway from the presentation room. Deerfield Beach Cafe LLC should have been disqualified. At 1:05 PM the representative of Deerfield Beach Cafe LLC proceeded directly to the office of the Defendant's purchasing manager whose computer was seen logged in on watching the presentation via zoom. The Deerfield Beach Cafe LLC representative was seen leaving the purchasing manager's office to do her own presentation at 1:40 PM by two representatives of Class Act who were asked by the Committee to get more copies of paperwork from their parked cars. The presentation of Class Act was still continuing until about 1:50 PM when every representative of Class Act had left the Building.

18. The City disclosed material information concerning a vendor's response, any evaluation results, or other aspects of the competitive solicitation when such information was not publicly disclosed.

19. On June 20, 2023, all three bidders were to be presented to the City Commission to approve the final ranking of bids and proceed to formal presentations on a subsequent commission meeting and to the public. Instead of allowing the City Commission to review Class Act's presentation, the City Commission arbitrarily eliminated Class Act from further consideration in direct conflict and violation of the specific guidelines of the ITN and authorized the City Manager and City Attorney to begin negotiations solely with LMCOVE, LLC and Deerfield Beach Cafe LLC.

20. On August 1st, 2023, the City awarded the lease agreement to Deerfield Beach Cafe LLC by a vote of 3-2. The City failed to comply with City Charter section 7.09 item 2B. The Charter exception requires a four-fifths supermajority vote to award leases or contracts for the Pier Restaurant Property. The vote to select Deerfield Beach Café LLC was not approved by a four-fifths supermajority and is not consistent with the City Charter and thus should be null and void.

21. On August 4, 2023, Class act sent correspondence to the City protesting the decision to award the lease agreement to Deerfield Beach Cafe LLC. This correspondence was ignored.

22. The City Committee and the purchasing manager never reached out or communicated with Class Act to resolve or clarify any of the items on the bid as they did with the other bidders who received an unfair advantage. The other bidders were able to substantially change their bids after negotiations. The ITN required all bidders to remain on a "short list" and viable and not to eliminate any from negotiations until after the presentations of all top three builders. The City improperly showed favoritism towards Deerfield Beach Café LLC.

23. The City's discretion was limited by both the ITN and the common-law prohibition against awarding contracts arbitrarily and capriciously.

24. The City's decision to reject Class Act's bid proposal and to refuse to allow Class Act to present their proposal to the City Commission and to the public was a violation of due process and arbitrary or capricious because City (1) showed favoritism to a particular bidder; (2) made an award based on personal preference; (3) acted without reason, or for a reason that was merely pretextual; (4) made its decision based upon criteria that were neither included in the bid documents nor clearly defined; and (5) the decision was not based on facts reasonably tending to support the conclusions reached by the City.

## COUNT I

## DEPRIVATION OF PROPERTY INTEREST
## WITHOUT DUE PROCESS OF LAW

25. Class Act realleges and reaffirms each and every allegation contained in paragraphs 1 through 24 as set forth herein verbatim.

26. The City's bid process embodies the spirit of Florida's bid statutes, which serve the object of protecting the public against collusive contracts and prevent favoritism toward contractors by public officials and tend to secure fair competition upon equal terms to all bidders.

27. The Fourteenth Amendment to the United States Constitution prohibits deprivations of property interests without due process of law,

> "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

28. 42 U.S.C.A. §1983 establishes federal causes of action for deprivations of property interests contrary to the Fourteenth Amendment. Specifically,

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…"

29. In Florida a law, statute, ordinance, contract, policy, or practice of an institution which supports a claim of entitlement, creates a property interest actionable under 42 U.S.C.A. §1983.

30. A lowest qualified and responsive bidder has a constitutionally protected property interest under federal and Florida law in the award of a contract if the property interest is acknowledged by existing rules or understandings that stem from an independent source such as state law.

31. The City acted under color state law in issuing the ITN to solicit proposals for the highest and best use of the Pier Restaurant Property to be operated by the restaurateur pursuant to a lease agreement with the City.

32. Class Act has entitlement to a property interest because the bidding procedures were sufficiently explicit, and the City's discretion was sufficiently limited to entitle Class Act to be awarded a lease agreement if it satisfied a certain set of conditions.

33. While the City had discretion in award of competitive bids, such discretion must be exercised based upon clearly defined criteria and may not be exercised arbitrarily or capriciously. The City was not allowed to write out the competitive requirement of the bid process by affording itself overly broad discretion to capriciously and arbitrarily award contracts without established criteria.

34. The City's decision to reject Class Act's bid proposal and to refuse to allow Class Act to present their proposal to the City Commission and to the public was a violation of due process and arbitrary or capricious.

35. Pursuant to 42 U.S.C. §§ 1983 and 1988, the Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the award of the lease agreement to Deerfield Beach Cafe LLC based upon the lack of due process.

36. The Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under the law. The Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C § 1988.

WHEREFORE, Plaintiff, CLASS ACT RESTAURANT GROUP, LLC seeks declaratory relief and temporary, preliminary, and permanent injunctive relief in their favor against the Defendant, CITY OF DEERFIELD BEACH, , together with interest, attorney's fees and costs and for such other and further relief as this Court deems just and proper.

## COUNT II

## INJUNCTIVE RELIEF

37. On or about November 3, 2023, the City commenced an action to evict Class Act for the Pier Restaurant Property. Subsequent to commencing the eviction proceeding, the City embarked on a campaign to damage Class Act's business.

38. The restaurant operated by Class Act (the Restaurant") is located on the ground floor of the building at the Pier Restaurant Property. In order to service the Refrigeration Units, Hood, Fresh Air Supply and air conditioning units that service the Restaurant, repair workers must access the second floor of the building. Prior to November 3, 2023, HVAC repair workers hired by Class Act were regularly allowed access to the second floor for repairs. Since November 3, 2023, Gregory Naranjo, the City's Administrator of Waterfront & Aquatics, has not allowed access for any maintenance including HVAC repairs. He has stated "you must get permission of the attorneys." When attempts are made to communicate with the City's attorneys, Class Act is re-directed to the City employees. This charade usually takes at least a week before any repairs are allowed. This caused the Restaurant to have limited air conditioning for days and sometimes weeks.

39. In order to service the walk-in Cooler that is used by the Restaurant to maintain a sufficient supply of food, the repair workers must also access the second floor of the building. Prior to November 3, 2023, walk-in Cooler repair workers hired by Class Act were regularly allowed access to the second floor for repairs. Since November 3, 2023, Gregory Naranjo, the City's Administrator of Waterfront & Aquatics, has not allowed access for walk-in Cooler repairs. He has stated "you must get permission of the attorneys." When attempts are made to communicate with the City's attorneys, Class Act is re-directed to the City employees. Again, this charade sometimes took weeks before any repairs were allowed. This caused the Restaurant not to be able to store the necessary amount of food without spoilage.

40. In order to protect against fire, workers must regularly service the Hoods that extract and gather the grease from the cooking in the Restaurant. To do this, workers must access the roof of the building. Prior to November 3, 2023, workers hired by Class Act were regularly allowed access to the roof to remove the flammable grease from the hoods. Since November 3, 2023, Gregory Naranjo, the City's Administrator of Waterfront & Aquatics, has not allowed access for grease removal. He has stated that he is acting on the instructions of the City Manager and the City's attorneys. In order to avoid the possibility of fire and comply with the three-month City and State regulatory ordinance, workers for Class Act have used a ladder to climb to the roof rather than allow a fire hazard by facing days or weeks of delay in waiting to have a stairway door unlocked.

41. Class Act has been threatened with arrests for trespassing if they access the second floor or roof without explicit permission and they have not ever been given an access key.

42. In November of 2022, Hurricane Nicole significantly damaged the Deerfield Beach International Fishing Pier (the Pier") located adjacent to the Pier Restaurant Property. On May 20, 2024, the City announced that in order to repair the Pier, "the pier and adjacent parking lot, which will operate as a staging area, will close beginning June 3, 2024." This is the parking lot used by the Restaurant. In prior years when repairs were done to the Pier, only a small corner of the parking lot was used to stage equipment. As of June 27, 2024 (24 days after the lot was closed) less than four parking spaces are being used for repair materials.

43. The City has a fireworks display on the Pier on its Pioneer Day in February and Fourth of July. The Restaurant has 65 outdoor seats. The outdoor portion of the Restaurant has been closed for the 2 hours a day or two before the event when the fireworks are loaded on the Pier. The Restaurant's busiest hours are between 10 AM to 1 PM during breakfast and lunch (closing time is between 8 PM to 9 PM). In previous years, the fireworks were loaded on to the Pier either prior to 9 AM or after 3 PM so as to avoid the Restaurant's busy lunch hour. For Pioneer Day 2024 the fireworks were loaded (and the outdoor seating had to close) from 11:30 AM-1:30 PM. On information and belief, the Fourth of July fireworks loading is scheduled from 10 AM to 12 AM.

44. The Restaurant is a "green" space and has a LEED Certification. The SOMAT Machine, which grinds the food waste to compost, had stopped working a few months prior to the expiration of the original Lease and Class Act had repeatedly requested the City to repair it. The repair company only takes direction from City representatives and the City also pays for the repairs. To maintain the building's Gold LEED Certification regulations require the cooperation of the City as well as the Restaurant operator to grind the Garbage into Fertilizer Compost and put it curbside for the City to pick up and utilize. This was done for the 10 years of the lease's duration and it stopped only when the City refused to authorize the repair of the SOMAT Machine. In November, the City responded that it would no longer fulfill any of the obligations under the lease and would no longer pay for any repairs. Class Act Representatives informed the City that they would take over the cost of these repairs and Class Act would pay for them if the City would authorize the vendor to repair the SOMAT Machine and take direction and payment from Class Act; however, the City never responded. In December 2023 the City started a recycling compost program, and so it came to the attention of the representatives of Class Act that all the years that Class Act was grinding the Garbage for Compost , it was actually taken with the rest of the garbage and not used as Fertilizer but instead it was tossed in regular trash at the City dump. Now that the City has instituted and commissioned a company to pick up the Compost, the City has refused to repair the SOMAT Machine which results in a regulatory violation of the Gold LEED Certification. Furthermore, the improper and wasteful disposal of

the Compost to the City dump by City employees suggests that the City did not abide by Gold LEED Certification standards, for which the City received Federal funds.

45. The City's campaign of harassment is causing Class Act irreparable injury which outweighs any potential harm to the City

46. Class Act is likely to succeed on the merits of the case for an injunction during the course of this litigation, there is no harm to the City in allowing Class Act to run its business in the normal course during this litigation, and it is in the public interest to avoid the possibility of a fire and to allow patrons to eat in air conditioned comfort without food spoilage.

47. The Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under the law. The Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C § 1988.

WHEREFORE, Plaintiff, CLASS ACT RESTAURANT GROUP, LLC seeks declaratory relief and temporary, preliminary, and permanent injunctive relief in their favor against the Defendant, CITY OF DEERFIELD BEACH, together with interest, attorney's fees and costs and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Class Act demands jury trial on all issues so triable.

DATED June 27, 2024.

                                    **SHAHADY & WURTENBERGER, P.A.**
                                    7900 Peters Road, Suite B-200
                                    Fort Lauderdale, FL 33324
                                    (954) 376-5958 Telephone
                                    (954) 206-0188 Facsimile
                                    *Attorneys for Plaintiff*
                                    By:    /s/John J. Shahady
                                            John J. Shahady, Esq.,
                                            Fla. Bar No. 998990
                                            JShahady@swlawyers.law
                                            dambra@swlawyers.law (legal assist.)

**SHAHADY & WURTENBERGER, P.A.**

*/s/ Fred A. Schwartz*
Fred A. Schwartz, Esq.
fschwartz@swlawyers.law
Florida Bar No. 360538
200 East Palmetto Park Road
Suite 103
Boca Raton, FL 33432
Direct: (561) 910-3064