UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CV-61127-DAMIAN/VALLE

CLASS ACT RESTAURANT GROUP LLC,

    Plaintiff,

v.

CITY OF DEERFIELD BEACH, FLORIDA
*a Florida municipal corporation,*

    Defendant.
_____

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion for Temporary Restraining Order (ECF No. 11) (the "Motion"). U.S. District Judge Melissa Damian referred the matter to the undersigned for "rulings on all discovery and pre-trial, non-dispositive matters and for issuance of a Report and Recommendation on any dispositive matters."[1] (ECF No. 25).

After due consideration of the parties' briefs, including Defendant's Opposition (ECF No. 14), Plaintiff's Reply (ECF No. 19), the parties' Stipulation (ECF No. 28), the Joint Status Reports (ECF Nos. 30, 36), and having heard oral argument at the hearing held on October 1, 2024,[2] (ECF No. 33), the undersigned recommends that the Motion be **DENIED** for the reasons set forth below.

---

[1] Although the Motion involves a pretrial matter, a Magistrate Judge does not have jurisdiction to finally determine a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(A). Rather, upon referral, a Magistrate Judge may enter a recommendation for the District Judge's consideration. 28 U.S.C. § 636(b)(1)(B).

[2] The Court ordered that Plaintiff request a transcript of the proceedings, which will be incorporated into this Report and Recommendation.

### I.    BACKGROUND

In October 2023, Plaintiff Class Act Restaurant Group ("Plaintiff") commenced this action by filing a two-count Complaint against the City of Deerfield Beach ("Defendant" or the "City"), alleging a deprivation of a property interest without due process of law (Count 1) and seeking injunctive relief (Count 2). *See generally* (ECF No. 1). The litigation involves the lease of a restaurant located on the ground floor at 200 N.E. 21 Avenue, Deerfield Beach, Florida (the "Restaurant" or "Property"). Shortly after commencing the litigation, Plaintiff filed the instant Motion seeking a temporary restraining order ("TRO") to require the City to permit Plaintiff access to conduct certain repairs, including standard repairs, emergency repairs, repairs to the Restaurant's roof for leaks, and repairs to the air conditioning unit. *See generally* (ECF No. 11). In the Motion, Plaintiff also seeks an order that would govern the City's use of and access to a parking lot adjacent to the Restaurant and removal of barriers around the Restaurant's entrances, including the patio area. *Id.*

Prior to the hearing, the parties conferred and were able to partially resolve the Motion through Stipulation. *See generally* (ECF No. 28). More specifically, the parties agreed to procedures for notice/access for Plaintiff to conduct certain repairs. *Id.* Accordingly, with the parties' agreement, that portion of the Motion was denied as moot during the hearing. Nevertheless, the parties disagreed regarding the use/access to the parking lot adjacent to the Restaurant and the placement of barriers around the Restaurant and patio. (ECF No. 30). Accordingly, at the hearing, the undersigned heard argument on these two issues.

After hearing argument and in the interest of promoting compromise, the undersigned reserved ruling on the Motion and ordered the parties to meet and confer in a good faith effort to resolve the dispute regarding the barriers to the Restaurant's patio (as depicted in Exhibit 5 of ECF

No. 32). (ECF No. 33). The parties were furthered ordered to file a Joint Status Report ("JSR") advising the Court of the result of their renewed conferral. *Id.* In compliance with the Court's order, the parties filed their JSR. (ECF No. 36). In the JSR, Plaintiff confusingly states that although Plaintiff had initially rejected Defendant's proposals, Plaintiff "does not object to the options being revealed to the Court." *Id.* at 1. Accordingly, this R&R addresses only the use/access to the parking lot adjacent to the Restaurant and the removal of barriers around the Restaurant's entrances, including the patio area.

## II.   DISCUSSION

In determining whether a temporary restraining order should be granted, the Court must consider whether: (i) there is a substantial likelihood of success on the merits; (ii) irreparable injury will be suffered if the relief is not granted; (iii) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (iv) the entry of the relief would serve the public interest. *Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Injunctive relief may not be granted unless movant establishes substantial likelihood of success. *Id.* (citation omitted). Further, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the "burden of persuasion as to each of the four prerequisites." *Four Seasons Hotel and Resorts B.V. v. Consorcio Barr, SA,* 320 F.3d 1205, 12010 (11th Cir. 2003) (citation omitted); *JTH Tax, Inc. v. Abikarram*, No. 19-CV-60328, 2019 WL 2254816, at *1 (S.D. Fla. Mar. 22, 2019), *report and recommendation adopted*, 2019 WL 11553446 (S.D. Fla. July 19, 2019). During the hearing, the Court heard argument on each of the factors as addressed below.

*A. Plaintiff Has Not Established a Substantial Likelihood of Success on the Merits*

The first of the four prerequisites to temporary injunctive relief is generally the most important. *Schiavo,* 403 F.3d at 1232. The necessary level or degree of possibility of success on the merits will vary according to the Court's assessment of the other factors. *Id.* A substantial likelihood of success on the merits requires a showing of only likely or probable, rather than certain, success. *Id.* (citations omitted). Here, to meet its burden for a TRO, Plaintiff must show that there is a substantial likelihood that it will succeed on the merits of its claims as asserted in the Complaint. More specifically, Plaintiff alleges a deprivation of a property interest without due process of law (Count 1) and seeks injunctive relief (Count 2). *See generally* (ECF No. 1).

Based on the record before the Court and the arguments during the hearing, the Court finds that Plaintiff has failed to meet its burden to show a likelihood of success on its claim relating to the parking lot. More specifically, Plaintiff has failed to show that it has any ownership interest in the parking lot, through the Lease at issue in the litigation or otherwise. Indeed, during the hearing, Plaintiff conceded that it is a holdover tenant. Plaintiff also agreed that although the parking lot had been used by the Restaurant and its patrons for many years prior to the litigation, the lot (owned and operated by the City) is not for exclusive use of the Restaurant, but rather provides parking for the public. Moreover, even under the Lease, there are only two parking spots in the lot designated for use by restaurant management and a Restaurant delivery/unloading area. (ECF No. 12-1 at 14) (Lease provision 8.D regarding parking). The undersigned is also unpersuaded by Plaintiff's argument at the hearing that Plaintiff has standing to assert an interest in the parking lot on behalf of the "general public." Plaintiff was unable to provide statutory or case law authority for this proposition. Accordingly, Plaintiff has failed to show substantial likelihood of success on the merits as it relates to the parking lot.

Plaintiff's request for a TRO for the removal of the construction barriers surrounding the Restaurant also fails. Plaintiff has failed to show that it has a right to different placement of the barriers. According to the City, even under the terms of the now-expired Lease, Plaintiff's rights were limited to the interior of the Restaurant and do not extend to the exterior pedestrian walkways. The parties dispute whether pedestrians can reasonably access the Restaurant's entrances and patio. However, the photographs attached to the most recent JSR confirm that pedestrians can still access the Restaurant and patio albeit through a round-a-about sidewalk/boardwalk, but not directly from the Pier. *See* (ECF No. 36-1 at 1). Nevertheless, as with the parking lot, Plaintiff has failed to show substantial likelihood of success on the merits to require the City to remove or relocate the construction barriers.

### B. There is Insufficient Evidence that Plaintiff Will Suffer Irreparable Injury if TRO is Denied

Plaintiff has also failed to establish the requisite irreparable injury. Economic losses alone will not justify the issuance of a preliminary injunction. *Bellsouth Telecomms. v. MCIMetro Access Transmission Servs.*, 425 F.3d 964, 970 (11th Cir. 2005). Here, the issue becomes whether monetary damages can adequately compensate Plaintiff for its losses. Plaintiff argues that lack of available customer parking has resulted in "30% loss of revenue as compared to [the] same month last year." (ECF No. 19 at 7). As to the physical barriers, Plaintiff argues that the placement of barriers around the Restaurant's exterior may have resulted in loss of customers because the most direct walkway from the Pier to the Restaurant's patio is inaccessible to pedestrians. *See* (ECF No. 11 at 3); *see also* (ECF No. 36-1 at 1). Nevertheless, although loss of customers may be considered irreparable injury, *see, e.g.*, *Ferrero v. Associated Materials*, 923 F.2d 1441, 1449 (11th Cir 1991), Plaintiff's conclusory arguments are not evidence of irreparable injury that cannot be

remedied by monetary damages. Accordingly, Plaintiff has failed to establish this necessary factor.

*C. The Threatened Injury to Plaintiff Does not Outweigh the Harm to Defendant*

Plaintiff must also show that its threatened injury outweighs the harm to the City. On this factor, during the hearing, Plaintiff argued that the City had not shown that it had the necessary permits to conduct repairs on the Deerfield Beach Pier, which was the alleged basis for closing the parking lot for staging/construction use needed for the repairs. This argument, however, misses the mark. First, there is no evidence before the Court regarding what permitting is required for the City to repair the Pier. Moreover, even if the Court accepts Plaintiff's argument (which is speculative and conclusory), any alleged lack of permitting does not show that the threatened injury to Plaintiff would outweigh the harm to the City. In contrast, the City, argues that "[e]ntering a TRO preventing the City from closing the City-owned parking lot for construction staging will at least delay these repairs and improvements and create contractual issues with the City's contractor performing the repairs and improvements to the Pier." (ECF No. 14 at 2). The City further argues that a TRO "will delay the public's ability to use the Pier and prevent the City from fulfilling its duty to maintain the Pier." *Id.* at 2.

Additionally, in attempting to resolve the dispute about the placement of barriers surrounding the Restaurant, the City submitted a Request for Change confirming that relocation of the barriers would cost approximately $950. *See* (ECF No. 36-2 at 1). This supports the City's argument that it is under a construction contract to repair the Pier and that its contractual obligations may be detrimentally affected if the City were to do as Plaintiff seeks. Thus, on balance, Plaintiff has not refuted the City's argument regarding potential harm. Accordingly, weighing Plaintiff's interest (i.e., securing parking for its patrons or purportedly representing the

"public" and removing barriers around the Restaurant entrances and exterior patio) against the City's interest in safely and efficiently repairing the Pier, the undersigned finds that this factor weighs in the City's favor.

*D. Injunctive Relief Would Not Necessarily Serve the Public Interest*

Lastly, Plaintiff has failed to show that the entry of a TRO would serve the public interest. Rather, Plaintiff seeks relief that promotes its private interest of facilitating parking and easier Restaurant access for its patrons and persons affiliated with the Restaurant. In contrast, the City argues that closure of the parking lot is part of the City's effort to repair and maintain the Pier, while maintaining public safety. As to the exterior construction barriers, the City asserts that "the purpose of the barriers is to separate pedestrian traffic from construction traffic by establishing a clear path from the delivery location and the street to the pier." (ECF No. 36 at 1). Upon the record before the Court, the undersigned finds that the City's interest (on behalf of the public) outweighs Plaintiff's private commercial interest. In sum, Plaintiff has failed to establish the necessary elements for a TRO.[3]

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 11) be **DENIED**. More specifically, the portion of the Motion relating to: (i) the procedures for notice/access for

---

[3] Nevertheless, based upon the most recent JSR regarding the parties' efforts to resolve the dispute regarding the placement of barriers around the Restaurant's exterior, (ECF No. 36), the undersigned believes that the parties may still be able to resolve this limited issue without further Court intervention. More specifically, Plaintiff may get some relief regarding the barriers were it to accept the City's proposal that: (i) Plaintiff pay $950 for coverage of the "tree well" and relocation of a concrete bench, as proposed in the JSR (ECF No. 36 at 2); and (ii) in turn, the City, would increase signage that directs potential customers to safe, unobstructed walkways leading to the Restaurant's entrances and outdoor patio.

conducting certain repairs should be **DENIED AS MOOT** based on the parties resolving the dispute as set forth in the Stipulation.  *See* (ECF No. 28).  However, that portion of the Motion regarding: (i) use/access to the parking lot adjacent to the Restaurant; and (ii) removal of barriers to the Restaurant's patio and exterior should be **DENIED** because Plaintiff has failed to meet its burden to satisfy the requirements for obtaining injunctive relief.

Within **14** days after being served with this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  Failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2023); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida, on October 4, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Melissa Damian
    All counsel of record