UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61127-CIV-DAMIAN

**CLASS ACT RESTAURANT
GROUP LLC**,

    Plaintiff,

v.

**CITY OF DEERFIELD BEACH,
FLORIDA**,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 37]
AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [ECF NO. 11]**

    **THIS CAUSE** came before the Court on Magistrate Judge Alicia O. Valle's Report and Recommendation, entered on October 4, 2024 [ECF No. 37 (the "Report")], on Plaintiff, Class Act Restaurant Group LLC's, Motion for Temporary Restraining Order, filed on July 26, 2024 [ECF No. 11 (the "Motion")].

    THE COURT has reviewed the Report, the Motion, and the pertinent portions of the record (including the parties' memoranda and Joint Status Report [ECF Nos. 14, 15, 19 and 36]), and is otherwise fully advised.

    After carefully considering the briefing, and holding oral argument on October 1, 2024, Judge Valle issued the Report, recommending that the Motion be denied. The Report summarizes the relevant background and procedural history, and therefore, the Court will not set out the background in detail here.

    In short, the litigation involves the lease of a restaurant located on the ground floor at 200 N.E. 21 Avenue, Deerfield Beach, Florida. The Motion seeks to require Defendant, the

City of Deerfield Beach, Florida (the "City"), to permit Plaintiff access to certain parts of the building to conduct various kinds of repairs. The Motion also seeks an order that would govern the City's use of and access to a parking lot adjacent to the Restaurant and removal of barriers around the Restaurant's entrances, including the patio area. The parties were able to resolve the repairs issue before oral argument was held, *see* ECF No. 28, but could not agree as to the use and access of the parking lot and the removal of barriers.

Judge Valle determined that Plaintiff failed to meet its burden to show a likelihood of success on its claim relating to the parking lot because it failed to show that it has any ownership interest in the parking lot, through the lease at issue in the litigation or otherwise. Report at 4. As for the barrier issue, Judge Valle determined Plaintiff failed to show that it has a right to different placement of the barriers in question. *Id.* at 5. Judge Valle also found that Plaintiff failed to establish the requisite irreparable injury, had not shown it had the permits necessary to demonstrate threatened injury, and did not demonstrate that entry of a Temporary Restraining Order would benefit the public interest. *Id.* at 5-7. Neither party filed objections to the Report, and the time for doing so has expired. *See generally* Docket.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to

require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the thorough analysis and well-reasoned recommendations stated in Judge Valle's Report and agrees with Judge Valle's conclusions. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 37]** is **AFFIRMED AND ADOPTED** as follows: Plaintiff's Motion for Temporary Restraining Order **[ECF No. 11]** is **DENIED AS MOOT** as to the procedures for notice/access for conducting certain repairs, and otherwise is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 21st day of October, 2024.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Alicia O. Valle
       counsel of record